IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APRIL CLARK,

        **Plaintiff,**

v.

        Civil Action 2:23-cv-4201
        Chief Judge Algenon L. Marbley
        Magistrate Judge Kimberly A. Jolson

WENDY WILLIAMS, et al.,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Wendy Williams and Southeast Mental Health. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

### I. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

II. **DISCUSSION**

Plaintiff names Wendy Williams and Southeast Mental Health as Defendants in this action. (Doc. 1-1 at 2). Her complaint alleges that Defendants filed false allegations in a state probate court case. (*Id.* at 3). She also states that in the same case, Defendants and Defendants' attorneys did not attend a December 2023 hearing. (*Id.*). Plaintiff then seeks relief on four counts: false statements, negligence and misrepresentation, "deliberate intentional malicious effort to cause harm and injury to professional and credentials," and "[r]etaliaion for Title VII" discrimination

2

related to advocacy in the state probate action. (*Id.* at 4). However, elsewhere in her filings, Plaintiff also says she brings this action under "U.S.C. 287 False Fictitious Fraudulent Claims." (Doc. 1-2). Plaintiff also lists Ohio addresses for both Defendants. (Doc. 1-1 at 2).

Construing Plaintiff's complaint liberally, Plaintiff appears to seek relief under Title VII. But Title VII only creates causes of actions for employees or prospective employees, and nowhere in her complaint does Plaintiff allege she was employed or sought employment from Defendants. *See McGill v. Western Mich. Univ.*, 1:08-cv-1205, 1:08-cv-1206, 2009 WL 511845, at *1 (W.D. Mich. Feb. 26, 2009) (dismissing claims brought in a *pro se* complaint where a plaintiff made it clear that she was never employed by the defendant); *see also Doumbouya v. Mount Carmel Health Sys.*, 2:22-cv-3086, 2022 WL 3445855, at *2 (S.D. Ohio Aug. 17, 2022) (stating that Title VII prohibits employer discrimination); *White v. Burlington Northern & Santa Fe R. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (holding that "not just any discriminatory act by an employer constitutes discrimination under Title VII"). As such, any claims brought under Title VII should be **DISMISSED.**

Next, the Court infers that Plaintiff seeks to bring claims under 18 U.S.C. § 287. (*See* Doc. 1-2). But 18 U.S.C. § 287 is a criminal statute. As a private citizen, Plaintiff cannot sue anyone criminally. *See Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)). Accordingly, any claims brought under this statute should also be **DISMISSED.**

This leaves Plaintiff with her claims against Defendants for "negligence and

3

misrepresentation," defamation, slander, harassment, retaliation, and frivolous conduct. (Doc. 1-1 at 4; Doc. 1-2). But these claims arise under state law, and Plaintiff has not alleged any other basis for federal jurisdiction. *Carter v. Mt. Carmel Hosp. ICU-CCU*, No. 2:12-cv-928, 2012 WL 4848912, at *1 (S.D. Ohio Oct. 11, 2012) (describing federal courts' limited jurisdiction). While Plaintiff attempts to allege that this lawsuit involves the U.S. government as plaintiff, it clearly does not. (Doc. 1-2). Defendants also reside in the state of Ohio, so diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332; *Smith v. Donald*, 2:17-cv-496, 2017 WL 2619338, at *3 (S.D. Ohio June 16, 2017) (dismissing claims where a Tennessee resident sued other Tennesseans, because complete diversity did not exist between all adverse parties and the plaintiff's only remaining claims rested in state law). And finally, because Plaintiff has not alleged a plausible basis for original jurisdiction, the Court also lacks pendant jurisdiction for the remaining claims arising under state law. *See* 28 U.S.C. § 1367(a); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting that when all federal claims are dismissed before trial, state law claims "generally should be dismissed as well"). Accordingly, Plaintiff's Complaint should be **DISMISSED.**

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. But for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 25, 2024 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE