IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APRIL CLARK,

        **Plaintiff,**

v.

        Civil Action 2:23-cv-4201
        Chief Judge Algenon L. Marbley
        Magistrate Judge Kimberly A. Jolson

WENDY WILLIAMS, et al.,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

The Undersigned's Report and Recommendation recommending that Plaintiff's Complaint (Doc. 1) be dismissed is pending before the Court (Doc. 3). Plaintiff subsequently filed objections and a supplemental memorandum opposing the Report and Recommendation. (Docs. 7, 9). This matter is before the Court on Plaintiff's Motion for Order to File Electronically (Doc. 12), Motion for Order to Transfer to Proper Jurisdiction (Doc. 11), and Motion for Leave to File Amended Complaint (Doc. 10).

**I.    Motion for Order to File Electronically**

The "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-CV-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019). The Court is hesitant to grant Plaintiff electronic filing privileges in light of her litigation and filing history. (*See* Case Nos. 2:23-cv-04202-ALM-KAJ, 2:23-cv-04203-ALM-KAJ, 2:23-cv-04204-ALM-KAJ, 2:23-cv-04205-ALM-KAJ, 2:23-cv-04206-ALM-KAJ, 2:23-cv-04208-ALM-KAJ). Therefore, Plaintiff's Motion for Order to File Electronically (Doc. 12) is **DENIED**.

**II.    Motion for Order to Transfer to Proper Jurisdiction**

In her motion to transfer, Plaintiff requests that the Court transfer this case to a "proper

jurisdictional venue for adjudication on [the] merit[s]." (Doc. 11 at 5 (capitalization cleaned up)). A court may "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). But the substance of her motion argues that Plaintiff should be allowed to amend her complaint. (*See generally* Doc. 11). Plaintiff does not clearly argue why convenience of the parties or the witnesses warrant such a transfer, nor does she say to which district or division the Court should transfer this action. Consequently, Plaintiff's Motion (Doc. 11) is **DENIED without prejudice.**

### III. Motion for Leave to File Amended Complaint

Turning now to her motion for leave to file an amended complaint, Plaintiff says that her amended complaint will "[add] State Actor Maureen Duffy and Ohio Probate Court Investigators: Melissa Kaufman and Eric Horvath." (Doc. 10 at 4). Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). To date, Plaintiff has not served her original complaint on any defendant in this matter. So, currently, Plaintiff does not need permission from the Court to amend her pleading once. As such, the Clerk is **DIRECTED** to terminate Plaintiff's Motion (Doc. 10) as moot.

That said, given her *in forma pauperis* status (*see* Doc. 3), the Court must dismiss Plaintiff's amended complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To that end, Plaintiff's described amendment to her complaint will not cure the defects the Undersigned analyzed in the previous Report and Recommendation (Doc. 3). If anything, Plaintiff seeks only to add more claims that are frivolous, malicious, fail to

state a claim upon which relief can be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff says she will add Maureen Duffy, who Plaintiff elsewhere describes as the state magistrate judge in the Franklin County Probate Court that "revoked Plaintiff as guardian" to her ward, (*see* Case No.: 2:23-cv-04202-ALM-KAJ, Doc. 10 at 5), as a defendant in this case. (Doc. 10 at 4). Yet, judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Plaintiff's claims against Judge Duffy seemingly will relate to actions she took while functioning in her judicial capacity, and even Plaintiff's allegations of bias cannot overcome Judge Duffy's judicial immunity. (*See* Case No.: 2:23-cv-04202-ALM-KAJ, Doc. 10 at 5 ("State Actor Magistrate Maureen Duffy revoked Plaintiff as guardian to WARD in clear and obvious expression of bias, prejudice, and inability to be partial.")); *Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at *4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity.").

Plaintiff also says she will add as defendants two Ohio Probate Court Investigators, Melissa

3

Kaufman and Eric Horvath. (Doc. 10 at 4). But, like judges, non-judicial officers who perform "quasi-judicial" duties generally enjoy immunity from suit when "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citation omitted). And even if these officers act in error, they are afforded immunity. *See Leppla v. Kagel*, No. 3:19-cv-2487, 2020 WL 5106841, at *4–5 (N.D. Ohio Aug. 31, 2020) (stating a court employee had immunity even though they made improper filings and communications and failed to inform the court of plaintiff's completion of a program). In fact, the Sixth Circuit has held that individuals who "investigate and prepare written reports to assist" with a judicial decision are "entitled to absolute, quasi-judicial immunity from damage actions." *Trowbridge v. County of Eaton*, No. 1:05-cv-770, 2006 WL 1997390, at *4 (W.D. Mich. July 14, 2006) (citing *Rippy ex rel. Rippy v. Hathaway*, 270 F.2d 416, 422–23 (6th Cir. 2001)). This includes "social workers who act in an advisory role" to a court making custody decisions. *Id.* (citing *Rippy*, 270 F.2d at 422).

Here, that appears to be the role that Kaufman and Horvath played in Plaintiff's allegations. Elsewhere, Plaintiff seems to say that Kaufman and Horvath completed investigations at the direction of the court for a case involving Plaintiff's status as guardian to a ward. (*See* Case No.: 2:23-cv-04202-ALM-KAJ, Doc. 10 at 5 ("Franklin County Ohio Probate Court Investigator Melissa Kaufman and Eric Horvath stalking, invasion of privacy and right to seclusion"); *see also id.* ("State Actor Magistrate Maureen Duffy revoked Plaintiff as guardian to WARD in clear and obvious expression of bias, prejudice, and inability to be partial.")). Therefore, they are entitled to immunity from damages actions, like the one Plaintiff has filed here. (*See* Doc. 1-1 at 4 (requesting monetary relief from Defendants)).

Accordingly, the Undersigned **RECOMMENDS** that any amended complaint Plaintiff

may file be **DISMISSED**. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Undersigned cautions Plaintiff that this Court can, in its inherent power, further revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) ("A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings.").

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       IT IS SO ORDERED.

Date: February 29, 2024                     /s/ Kimberly A. Jolson  
                                            KIMBERLY A. JOLSON  
                                            UNITED STATES MAGISTRATE JUDGE