# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| APRIL CLARK, | : | |
| | : | Case No. 2:23-cv-04201 |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| WENDY WILLIAMS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| APRIL CLARK, | : | |
| | : | Case No. 2:23-cv-04202 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN VILLILIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| APRIL CLARK, | : | |
| | : | Case No. 2:23-cv-04203 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KAREN PHIPPS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| APRIL CLARK, | : | |
| | : | Case No. 2:23-cv-04204 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRIS BROWN, | : | |
| | : | |
| Defendant. | : | |

1

| | | |
|---|---|---|
| **APRIL CLARK,** | : | **Case No. 2:23-cv-04205** |
| Plaintiff, | : | |
| v. | : | |
| **LITTLER MENDELSON PC,** *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **APRIL CLARK,** | : | **Case No. 2:23-cv-04206** |
| Plaintiff, | : | |
| v. | : | |
| **CVS HEALTH PHARMACY, INC.** *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **APRIL CLARK,** | : | **Case No. 2:23-cv-04207** |
| Plaintiffs, | : | |
| v. | : | |
| **KIDZ PLANET, LLC,** *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **APRIL CLARK,** | : | **Case No. 2:23-cv-04208** |
| Plaintiffs, | : | |
| v. | : | |
| **SPITZ LAW FIRM, LLC,** *et al.*, | : | |
| Defendants. | : | |

2

**OPINION & ORDER**

This matter is before this Court on Plaintiff April Clark's pending motions and objections in eight of her nine active cases in front of this Court. For the reasons set forth below, this Court orders as follows:

- Plaintiff's objections are **OVERRULED** and all of the Magistrate Judge's Orders and Report and Recommendations ("R&Rs") are **ADOPTED IN FULL**, so:
    - Plaintiff's claims in the seven cases in which she filed objections[1] are **DISMISSED WITHOUT PREJUDICE**; and
    - Plaintiff's Title VII race discrimination claim in *Kidz Planet* can proceed, but the rest of her claims in that case are **DISMISSED WITHOUT PREJUDICE**.
- Plaintiff's pending motions for leave to file an amended complaint[2] are **DENIED AS MOOT**, as is her pending motion for reconsideration[3]; and
- Plaintiff's pending motion for e-filing rights[4] is **DENIED**.

### I.     BACKGROUND

This Order addresses filings in eight cases, three of which are now consolidated.[5] The three consolidated cases "stem from the same settlement agreement between Ms. Clark and her former employer," and seek relief from that former employer (Aetna and its parent company CVS Pharmacy), a law firm that briefly represented her (Spitz Law Firm), and Aetna's lawyer (Littler Mendelson). (*See* No. 2:23-cv-4205, ECF No. 15 at 2–3). The other cases vary, ranging from suing mental health facilities and their empl oyees for alleged wrongs regarding how they treated

---

[1] (No. 2:23-cv-4201; No. 2:23-cv-4202; No. 2:23-cv-4203; No. 2:23-cv-4204; No. 2:23-cv-4205; No. 2:23-cv-4206; and No. 2:23-cv-4208).
[2] (No. 2:23-cv-4205, ECF No. 8; No. 2:23-cv-4206, ECF No. 12; No. 2:23-cv-4208, ECF No. 9).
[3] (No. 2:23-cv-4206, ECF No. 10).
[4] (No. 2:23-cv-4208, ECF No. 10).
[5] (No. 2:23-cv-4205, No. 2:23-cv-2406, and No. 2:23-cv-4208).

3

someone in Plaintiff's care[6] to suing state court judges for how they handled Plaintiff's prior state claims[7] to suing another former employer for disability discrimination.[8] This Court will address the substance of the cases as necessary in its analysis below.

## II.    LAW & ANALYSIS

A district court reviews de novo any part of a magistrate judge's R&R to which a party properly lodges objections. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). To be analyzed here are a variety of R&Rs catered to the relevant motions and facts in each of Plaintiff's cases. This Court finds it appropriate, however, to address these in aggregate where possible given the overlap in underlying factual situations and similarity in Plaintiff's objections to some of these R&Rs.

### A.  Granting IFP and Recommending Dismissal of Some or All Claims

This Court starts with the first R&R in each of Plaintiff's cases: those addressing Plaintiff's requests to proceed IFP and conducting an initial screen of Plaintiff's claims. One of these R&Rs, in Plaintiff's case against her former employer, Kidz Planet, recommended that this Court allow Plaintiff's race-based discrimination claim to proceed.[9] Otherwise, the R&Rs granted Plaintiff's requests to proceed IFP, but recommended dismissal of all of Plaintiff's claims in each case.[10] Plaintiff objected at least twice to each of these "initial screen" R&Rs other than the R&R in her case against Kidz Planet, to which she did not object. Plaintiff's first set of objections varies a bit among cases: She filed the same objections in her cases against Williams and Villilio[11]; the same objections in her cases against Littler Mendelson, CVS Pharmacy, and Spitz Law Firm[12]; and then

---

[6] (No. 2:23-cv-4201; No. 2:23-cv-4202).
[7] (No. 2:23-cv-4203; No. 2:23-cv-4204).
[8] (No. 2:23-cv-4207).
[9] (No. 2:23-cv-4207, ECF No. 3).
[10] (No. 2:23-cv-4201, ECF No. 3; No. 2:23-cv-4202, ECF No. 3; No. 2:23-cv-4203, ECF No. 3; No. 2:23-cv-4204, ECF No. 3; No. 2:23-cv-4205, ECF No. 3; No. 2:23-cv-4206, ECF No. 3; and No. 2:23-cv-4208, ECF No. 4).
[11] (No. 2:23-cv-4201, ECF No. 7; No. 2:23-cv-4202, ECF No. 7).
[12] (No. 2:23-cv-4205, ECF No. 9; No. 2:23-cv-4206, ECF No. 16; No. 2:23-cv-4208, ECF No. 12).

individual sets in her cases against Judges Phipps and Brown.[13] But Plaintiff's second set of objections to the initial screen R&Rs are the same in each of these seven cases.[14] Plaintiff also moves for reconsideration of this Court's adoption of Magistrate Judge Jolson's R&R recommending her claims against CVS Pharmacy be dismissed. (No. 2:23-cv-4206, ECF No. 10 (seeking reconsideration of No. 2:23-cv-4206, ECF No. 6)). But that Order was vacated before Plaintiff filed this motion, so her motion for reconsideration is **DENIED AS MOOT**. Instead, this Court will consider the substance of this filing as objections.

Despite the variety of objections, this Court does not see a path forward for any of Plaintiff's claims based on her allegations. Jurisdictionally speaking, both the *Phipps* and *Brown* cases involve claims against a judge for actions taken in the judge's judicial capacity. But these claims are barred, as both Phipps and Brown are absolutely protected from suit by judicial immunity for such actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023).

In the *Williams* case, Plaintiff alleges that Defendant Williams was an employee of Defendant Southeast Mental Health. (No. 2:23-cv-4201, ECF No. 7 at 9). But to bring a Title VII claim, the plaintiff themselves must be or have been an employee of the institution they attempt to hold accountable for any alleged wrongdoings. 42 U.S.C. § 2000e(f); *Burch v. Cuyahoga Cnty. Probate Court*, 392 F.3d 151, 157 (6th Cir. 2004). Plaintiff never claims to have been an employee of either Defendant, so she cannot sue under Title VII. Plaintiff's Title VI claims in *Littler Mendelson* also fail as a matter of law, as she does not, and cannot, claim that any of those Defendants receive federal funding. Similarly, Plaintiff seeks to sue the Littler Mendelson and

---

[13] (No. 2:23-cv-4203, ECF No. 8; No. 2:23-cv-4204, ECF No. 5).
[14] (No. 2:23-cv-4201, ECF No. 15; No. 2:23-cv-4202, ECF No. 14; No. 2:23-cv-4203, ECF No. 13; No. 2:23-cv-4204, ECF No. 13; No. 2:23-cv-4205, ECF No. 10; No. 2:23-cv-4206, ECF No. 17; and No. 2:23-cv-4208, ECF No. 13).

5

CVS Pharmacy Defendants for civil rights violations under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), but Plaintiff does not sue a state actor, nor does she claim any defendant acted under the color of state law, as is required by these civil rights statutes. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3). As such, Plaintiff fails to state a claim upon which relief can be granted, and these claims must be dismissed. *See Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 375 (6th Cir. 1991). And Plaintiff's Title VII claim against Littler Mendelson fares no better. Such a claim "invit[es] district court review and rejection" of a state court judgment, which is barred by *Rooker-Feldman*'s prohibition on lower federal courts' appellate review of state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *McCormick v. Braverman*, 451 F.3d 382, 391–91 (6th Cir. 2006).

As to Plaintiff's other Title VI, Title VII, and Fourteenth Amendment claims—those in her *CVS Pharmacy* and *Spitz Law Firm* cases—such requests for relief do not "contain sufficient factual matter [that], accepted as true, … state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (cleaned up). While this Court construes her complaint in a light most favorable to her, "conclusory, unsupported statements" are "insufficient to state a claim." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Other than the claim the magistrate judge recommended go forward in Plaintiff's case against Kidz Planet, this Court is unable to make out a Title VI, Title VII, or Fourteenth Amendment claim that is plausible on its face due to Plaintiff's lack of factual specificity. (*See* No. 2:23-cv-4201, ECF No. 3 at 3). The same is true for any claims against Defendants Castle and Cassone in the *Phipps* case, as Plaintiff either requests no relief from them or makes too unspecific of claims to warrant relief.

Moving on to Plaintiff's other claims. In some cases, Plaintiff attempts to sue under various criminal statutes, including 18 U.S.C. § 644, 18 U.S.C. § 371, and 18 U.S.C. § 242. (*See, e.g.*, No. 2:23-cv-4205, ECF No. 3 at 3). And because Plaintiff's complaint is to be construed liberally, Magistrate Judge Jolson interpreted Plaintiff's complaint as using 18 U.S.C. § 287 as the statutory mechanism by which to secure some of her requested relief. (*See e.g.*, No. 2:23-cv-4202, ECF No. 3 at 3). But "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Kafele v. Frank & Woolridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004). Such is the case here, as Plaintiff, a private citizen, cannot sue under any criminal statute. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). So, any claims brought in any of her cases according to a criminal statute must be dismissed which, here, includes those in the *Williams*, *Villilio*, *Littler Mendelson*, and *Spitz Law Firm* cases.

Having kicked out these other claims, her only remaining claims are state law claims, including but not limited to negligence, misrepresentation, defamation, slander, libel, harassment, retaliation, frivolous conduct, grand theft, conversion, conspiracy, breach of fiduciary duty, embezzlement, malpractice, and receipt of stolen property. But this Court lacks jurisdiction over Plaintiff's state law claims for a variety of reasons. Based on the above, Plaintiff does not have federal question jurisdiction in any of her cases. Nor can she claim diversity jurisdiction in most of her cases based on party citizenship.[15] That said, Plaintiff and at least some of the Defendants in the *Littler Mendelson* and *CVS Pharmacy* cases are or may be diverse.[16] But Plaintiff fails to allege an amount in controversy above $75,000 against the Rhode Island-based Defendants in *CVS Pharmacy*, so diversity jurisdiction fails here. And as to her claims against the New Jersey-based

---

[15] (*See* No. 2:23-cv-4201, ECF No. 3 at 4; No. 2:23-cv-4202, ECF No. 3 at 3; No. 2:23-cv-4205, ECF No. 3 at 5–6; No. 2:23-cv-4208, ECF No. 4 at 4).
[16] (*See* No. 2:23-cv-4205, ECF No. 3 at 6; No. 2:23-cv-4206, ECF No. 3 at 4).

7

Defendants in *Littler Mendelson*, some are barred by *Rooker-Feldman*, as Plaintiff again tries to challenge her state court judgment, and some are substantively barred, as a malpractice claim requires an attorney-client relationship but none of the Defendants represented her. (*See* No. 2:23-cv-4205, ECF No. 3 at 6). Without a plausible basis for original jurisdiction in any of her cases, it is not appropriate for this Court to exercise pendant jurisdiction over her claims arising under state law. *See* 28 U.S.C. § 1367(a); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). So, none of Plaintiff's state law claims can proceed.

* * *

Considering the above in aggregate, all of Plaintiff's claims in the seven above-captioned cases with objected-to R&Rs are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Title VII race discrimination claim in *Kidz Planet* can proceed, but the rest of her claims in that case are **DISMISSED WITHOUT PREJUDICE**. In compliance with this Court's May 15, 2024, Order implementing filing restrictions on Plaintiff's future filings, Plaintiff has the ability to bring proper claims against these parties with the assistance of counsel. (*See* No. 2:23-cv-4201, ECF No. 23).

### B. Denying E-filing Rights, Transfer, and Leave to File Amended Complaint

Plaintiff also objects to all of Magistrate Judge Jolson's denials of Plaintiff's requests for electronic filing rights and to transfer her cases to a proper venue and recommendations that this Court dismiss Plaintiff's amended complaints and deny her leave to appeal IFP.[17] While this Court is only required to review de novo the aspects of the magistrate judge's analysis to which a party "properly" objects, this Court will liberally construe Plaintiff's dozens of pages of objections as taking issues with all parts of the underlying recommendation or order. As such, this Court takes each group of motions in turn.

---

[17] (No. 2:23-cv-4201, ECF No. 13; No. 2:23-cv-4202, ECF No. 12; No. 2:23-cv-4203, ECF No. 11; No. 2:23-cv-4204, ECF No. 10; and No. 2:23-cv-4207, ECF Nos. 6, 8).

8

1. *E-Filing*

Plaintiff sought the ability to file papers with this Court electronically in six of her eight cases, five of which have been denied by the magistrate judge[18] and one of which remains pending.[19] Magistrate Judge Jolson was well within her discretion to choose not to grant Plaintiff the privilege of electronic filing. *See Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019). This Court recently detailed Plaintiff's extensive filing history in its order deeming Plaintiff a vexatious litigator, so it need not rehash that here. (*See, e.g.*, No. 2:23-cv-4201, ECF No. 23). Instead, it suffices to say that, particularly in light of Plaintiff's new filing requirements, Plaintiff's requests for the ability to file electronically[20] are **DENIED**. This same logic extends to her pending motion in her case against Spitz Law Firm. (No. 2:23-cv-4208, ECF No. 10).

2. *Transfer*

In two of her cases, Plaintiff sought to "transfer to proper jurisdiction" after the magistrate judge recommended the dismissal of her complaint.[21] But in neither motion did Plaintiff even attempt to make any argument that "the interest of justice" supports the transferring her case. *See* 28 U.S.C. § 1404(a). She instead repeats some of her substantive allegations, arguing that she has standing to bring her case and that she should be able to amend her complaint.[22] As these cannot form the basis for a motion to transfer, these motions[23] are **DENIED**.

3. *Leave to File Amended Complaint*

---

[18] (*See* No. 2:23-cv-4201, ECF No. 13; No. 2:23-cv-4202, ECF No. 12; No. 2:23-cv-4203, ECF No. 11; No. 2:23-cv-4204, ECF No. 10).
[19] (*See* No. 2:23-cv-4208, ECF No. 10).
[20] (No. 2:23-cv-4201, ECF No. 12; No. 2:23-cv-4202, ECF No. 11; No. 2:23-cv-4203, ECF No. 10; No. 2:23-cv-4204, ECF No. 9).
[21] (No. 2:23-cv-4201, ECF No. 11; No. 2:23-cv-4202, ECF No. 9).
[22] (See No. 2:23-cv-4202, ECF No. 9).
[23] (No. 2:23-cv-4201, ECF No. 11; No. 2:23-cv-4202, ECF No. 9).

Plaintiff sought leave to file an amended complaint in all eight of the above-captioned cases, five of which have already been denied as moot by the magistrate judge[24] and three of which —those in her *Littler Mendelson*, *CVS Pharmacy*, and *Spitz Law Firm* cases—remain pending.[25] Magistrate Judge Jolson denied the other five requests as there had either not been service of her original complaint or she had already filed her amended complaint, either of which render her requests moot. And as she did a few of those prior cases, Plaintiff has already filed an amended complaint in each of her remaining cases despite not yet being granted leave to do so.[26] As such, all of her motions for leave to file an amended complaint[27] are **DENIED AS MOOT**.

### 4. Leave to Appeal IFP

Referencing Plaintiff's many cases and many filings, Magistrate Judge Jolson further recommended that this Court certify that any appeal from this Court's order adopting her recommendations would not be taken in good faith, and therefore deny Plaintiff leave to appeal IFP. (*See, e.g.*, No. 2:23-cv-4201, ECF No. 13 at 5). This Court has already addressed Plaintiff's filing habits by way of its vexatious litigator order, by which Plaintiff is now required to seek the assistance or verification of counsel in some capacity before any future filings. (*See, e.g.*, No. 2:23-cv-4201, ECF No. 23). Based on the above analysis, this Court finds that an appeal of this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). While this Order dismisses almost all of Plaintiff's pending claims, Plaintiff has the opportunity to file future pleadings or motions in compliance with the aforementioned filing requirements, and can "file, within thirty days of service of [this O]rder denying IFP status on appeal, a motion with [the appellate] court

---

[24] (No. 2:23-cv-4201, ECF No. 13; No. 2:23-cv-4202, ECF No. 12; No. 2:23-cv-4203, ECF No. 11; No. 2:23-cv-4202, ECF No. 10; No. 2:23-cv-4207, ECF No. 6).
[25] (No. 2:23-cv-4205, ECF No. 8; No. 2:23-cv-4206, ECF No. 12; No. 2:23-cv-4208, ECF No. 9).
[26] (*See* No. 2:23-cv-4205, ECF No. 11; No. 2:23-cv-4206, ECF No. 14; No. 2:23-cv-4208, ECF No. 11).
[27] (No. 2:23-cv-4205, ECF No. 8; No. 2:23-cv-4206, ECF No. 12; No. 2:23-cv-4208, ECF No. 9).

for leave to proceed IFP on appeal in accordance with the procedures set forth in Federal Rule of Appellate Procedure 24(a)(5)." *Owens v. Keeling*, 461 F.3d 763, 775 (6th Cir. 2006). So, as is the case with her filing limitations,

> requiring Ms. Clark to follow these procedures does not mean that she will be unable to defend herself, nor does it violate her constitutional rights. Ms. Clark retains her due process rights to be heard and to access this Court according to established procedures, as is consistent with this Court's precedent for prolific litigators.

(No. 2:23-cv-4201, ECF No. 23 at 6).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's objections[28] are **OVERRULED** and Magistrate Judge Jolson's R&Rs[29] are **ADOPTED IN FULL**. Accordingly, Plaintiff's claims in the seven cases in which she filed objections[30] are **DISMISSED WITHOUT PREJUDICE**, and while Plaintiff's Title VII race discrimination claim in *Kidz Planet* can proceed, the rest of her claims in that case are **DISMISSED WITHOUT PREJUDICE**. Additionally, Plaintiff's pending motions for leave to file an amended complaint[31] are **DENIED AS MOOT**, as is her pending motion for reconsideration.[32] Her pending motion for e-filing rights[33] is also **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 9, 2024**

---

[28] (No. 2:23-cv-4201, ECF Nos. 7, 14, 15; No. 2:23-cv-4202, ECF Nos. 7, 13, 14; No. 2:23-cv-4203, ECF Nos. 8, 12, 13; No. 2:23-cv-4204, ECF Nos. 5, 12, 13; No. 2:23-cv-4205, ECF Nos. 9, 10; No. 2:23-cv-4206, ECF No. 16, 17; and No. 2:23-cv-4208, ECF Nos. 12, 13).
[29] (No. 2:23-cv-4201, ECF Nos. 3, 13; No. 2:23-cv-4202, ECF No. 3, 12; No. 2:23-cv-4203, ECF Nos. 3, 11; No. 2:23-cv-4204, ECF Nos. 3, 10; No. 2:23-cv-4205, ECF No. 3; No. 2:23-cv-4206, ECF No. 3; No. 2:23-cv-4207, ECF Nos. 6, 8; and No. 2:23-cv-4208, ECF No. 4).
[30] (No. 2:23-cv-4201; No. 2:23-cv-4202; No. 2:23-cv-4203; No. 2:23-cv-4204; No. 2:23-cv-4205; No. 2:23-cv-4206; and No. 2:23-cv-4208).
[31] (No. 2:23-cv-4205, ECF No. 8; No. 2:23-cv-4206, ECF No. 12; No. 2:23-cv-4208, ECF No. 9).
[32] (No. 2:23-cv-4206, ECF No. 10).
[33] (No. 2:23-cv-4208, ECF No. 10).